21224. BOYD *v.* CLARK.

DECIDED JANUARY 13, 1932. REHEARING DENIED FEBRUARY 16, 1932.

*B. F. Walker, R. G. Price,* for plaintiff in error.
*M. C. Barwick,* contra.

LUKE, J. C. C. Clark sued W. S. Boyd for a breach of warranty in a deed whereby Boyd conveyed to Clark certain land. On the

trial the plaintiff recovered a verdict against the defendant for $125. Boyd filed his motion for a new trial containing the usual general grounds and one special ground, the court overruled the motion, and Boyd excepted.

The petition makes substantially the following case: 1. On December 5, 1922, for a consideration of $1,680, Boyd conveyed to Clark by a warranty deed in the usual form a tract of land containing fifty-six acres, more or less, lying in Jefferson county, Ga. 2. "At the time said conveyance was made . . there was an existing lien against said land, same being rendered in the city court of Louisville on February 27, 1922, in favor of J. R. Phillips against Floyd and Lee Anna Chalker, who, on the aforesaid date, owned the property sold by Boyd to petitioner. Said execution was entered on the execution docket of said county on March 6, 1922, deed was made conveying said land to W. S. Boyd on March 25, 1922, and possession was surrendered by said Chalkers on January 1, 1923." 3. Said lien "was a valid and lawful lien on said land, and . . levy was made thereon by the sheriff of said city court to satisfy same. In order to remove the incumbrance on said place, he (plaintiff) had to pay out the sum of $92, balance due on said judgment lien, and the costs of levy and settlement, amounting to $5, making a total of $97. In addition to this, petitioner has incurred expenses to the amount of $25 as attorney's fees, in an effort to protect the title to said property conveyed to him by said Boyd. Petitioner has demanded that said Boyd protect said title by paying off said lien, but he has refused to do so.—Wherefore petitioner, being compelled to pay out the above sums to protect his title, prays that he may recover same. . ."

The original answer was in substance a denial of each paragraph of the petition. In an amendment to the answer, the defendant admitted making the deed to Clark as alleged, and admitted that the land so conveyed by him to Clark had been previously conveyed to him by Mrs. Chalker. He insisted, however, that Clark wanted to purchase said land, but that, fearing that Mrs. Chalker would not sell to him if she knew he was the purchaser, he hired the defendant, for a consideration of $50, to "act as the go-between," and buy the land in his, the defendant's, own name, and make bond for titles thereto to plaintiff, and convey the land to the plaintiff after Mrs. Chalker had finished her farming operations and moved off the land

at the end of the year 1922; and that "defendant is not the vendor to plaintiff, nor has the defendant ever had or received any consideration for the warranty sued on. . ." By another amendment to his answer the defendant substantially pleaded that "while said Lee Anna Chalker remained in possession of said land from March 25, 1922, the date of the sale to defendant for plaintiff aforesaid, to January 1, 1923, the legal possession belonged to plaintiff from March 25, 1922, and the possession of said Lee Anna Chalker was in the capacity of tenant of the plaintiff;" and that "if . . defendant bought independently of the plaintiff, nevertheless the possession of Mrs. Chalker from March 25, 1922, to January 1, 1923, would, in that event, belong to defendant, and the possession of defendant through said Mrs. Chalker from the date of the purchase to January 1, 1923, added to the period of time the land was possessed by plaintiff before the levy, made a period of more than four years that said land was possessed by plaintiff before the levy, and the lien of said execution has been discharged as to said land before the levy, and plaintiff, if he paid said execution, . . paid an execution that was not a lien upon plaintiff's lands, and was not forced to pay same in order to protect the title to said land, and the title of plaintiff . . was superior to that of said execution; and, for that reason, this defendant has not breached any warranty to plaintiff, even if it be maintained that defendant purchased said land independently of plaintiff on March 25, 1922, and then sold same to plaintiff on December 5, 1922."

The only special ground of the motion for a new trial complains that the court failed to charge that "when any person has bona fide, and for a valuable consideration, purchased real property, and has been in possession of such real property for four years, the same shall be discharged from the lien of any judgment against the person from whom he purchased." The ground goes further and amplifies the manner in which the foregoing principle should have been charged. The foregoing quoted matter clearly shows that the plaintiff in error was invoking the law laid down in the Civil Code (1910), § 5950. The second amendment to the answer is based squarely upon the rule laid down in that code section, and a careful reading of the brief of evidence satisfies us that there was some evidence which warranted a charge upon the rule referred to. It is true that there was no request to charge, but, in view of the

fact that one of the main defenses was based directly upon that code section, and that the charge given eliminated that defense, we can not escape the conclusion that the court erred for the reason assigned in this special ground.

As the case will be for trial again, we have refrained from stating the evidence and from passing upon the general grounds.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*